UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERAL PEOPLES,

    Plaintiff,

v.                                                                            Case No. 2:05-CV-286

UNKNOWN CHOPPLER, et al.,                    HON. GORDON J. QUIST

    Defendants.
                                       /

## ORDER ADOPTING IN PART AND REJECTING
## IN PART REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections to the report and recommendation issued August 3, 2009. In his report and recommendation, Magistrate Judge Greeley recommended that the Court grant Defendants' motion for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies. Defendants argued that they were entitled to summary judgment on this affirmative defense because Plaintiff did not appeal the denial of grievance AMF 05-09-02430-07f to either step II or step III. The magistrate judge found that Defendants are not entitled to summary judgement on this basis because in response to Defendants' motion, Plaintiff submitted copies of appeals that he filed at both step II and step III. The magistrate judge concluded that Defendants are nonetheless entitled to summary judgment because Plaintiff failed to name Defendants Choppler and Sweeney in his step I grievance. Thus, the magistrate judge reasoned, Plaintiff failed to properly exhaust because raising allegations against a particular defendant for the first time at step II or III is insufficient to demonstrate exhaustion. In addition, the magistrate judge

recommended that if the Court adopts the recommendation to grant Defendants' motion for summary judgment, it deny certain motions as moot and deny Plaintiff's motion to amend.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted in part and rejected in part as set forth below.

A review of Plaintiff's step I grievance reveals that the magistrate judge correctly observed that Plaintiff did not mention Choppler and Sweeney by name. However, the response to the step I grievance acknowledges that Choppler and Sweeney were the persons whom Plaintiff alleges destroyed his legal materials. Thus, the reviewer had sufficient information to process the grievance. Moreover, the prison officials addressed the grievance on the merits and did not reject it on this ground. *See Taylor v. Holmes*, No. 1:08-CV-952, 2009 WL 2170250, at *5 (W.D. Mich. July 21, 2009) (stating that "the failure by a prisoner to comply with the MDOC's procedural rules concerning the filing of grievances supports a motion for summary judgment to properly exhaust administrative remedies only if prison officials actually rejected the grievance for failure to comply with the relevant procedural rule"). Thus, because prison officials did not reject the grievance on this procedural ground, Plaintiff's failure to name Choppler and Sweeney is not a proper basis for summary judgment.

The magistrate judge also recommended that the Court deny certain motions as moot and deny Plaintiff's motion to amend because Plaintiff failed to attach his proposed amended complaint to the motion. Although the Court concludes that Defendants are not entitled to summary judgment on exhaustion grounds, it does conclude that certain motions should be denied. First, Plaintiff's Motion on Argument/Subpoena (docket no. 100), in which Plaintiff requests that certain witnesses be subpoenaed, will be denied without prejudice as premature. Second, Plaintiff's motion titled "Motion of Authority" (docket no. 109) will be denied because it concerns Plaintiff's argument

about Defendants' failure to timely respond to the complaint, which the magistrate judge addressed in his February 3, 2009, Order (docket no. 88) denying Plaintiff's Motion for Entry of Default. Upon review of the February 3, 2009, Order, the Court concludes that the magistrate judge properly denied the motion. Finally, Plaintiff's Motion for Leave to Amend Complaint (docket no. 106) will be denied based upon Plaintiff's failure to submit a proposed amended complaint. The Court will neither grant nor deny the Motion to Compel Discovery or the Motion for Sanctions (docket nos. 115 and 116), but will leave those for the magistrate judge to resolve.

In addition to the foregoing motions identified in the report and recommendation, the Court concludes that other motions should be denied. Plaintiff's Motion to Compel Assistant Attorney General to Respond (docket no. 118) will be denied because it concerns the same arguments rejected in the magistrate judge's February 3, 2009, Order. Finally, Plaintiff's Motions to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) and Motion for Extension of Time to Respond to Summary Judgment Motion (docket nos. 119, 120, and 126) will be dismissed as moot in light of the Court's conclusion that Defendants are not entitled to summary judgment for lack of exhaustion.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 3, 2009 (docket no. 117) is **ADOPTED IN PART AND REJECTED IN PART** as follows:

1. Defendants' Motion for Summary Judgment based upon Plaintiff's failure to exhaust administrative remedies (docket no. 78) is **DENIED**.

2. Plaintiff's Motion on Argument/Subpoena (docket no. 100) is **DENIED WITHOUT PREJUDICE**. Plaintiff's motion titled "Motion of Authority" (docket no. 109) is

**DENIED**. Plaintiff's Motion for Leave to Amend Complaint (docket no. 106) is **DENIED** based upon Plaintiff's failure to submit a proposed amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Assistant Attorney General to Respond (docket no. 118) is **DENIED**. Plaintiff's Motions to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) and Motion for Extension of Time to Respond to Summary Judgment Motion (docket nos. 119, 120, and 126) are **DISMISSED AS MOOT**.

Dated: September 30, 2009    /s/ Gordon J. Quist
                             GORDON J. QUIST
                             UNITED STATES DISTRICT JUDGE