UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JERAL PEOPLES,

      Plaintiff,

v.                                                             Case No. 2:05-CV-286

UNKNOWN CHOPPLER, et al.,              HON. GORDON J. QUIST

      Defendants.
_____/

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections to the report and recommendation issued January 29, 2010. In his report and recommendation, Magistrate Judge Greeley recommended that the Court grant Defendants' motion for summary judgment and dismiss the case in its entirety. The magistrate judge concluded that Plaintiff's claim that Defendants denied him access to the courts fails because Plaintiff cannot show actual injury. The magistrate judge reasoned that Plaintiff failed to demonstrate why the materials Defendants allegedly destroyed were necessary to, or precluded Plaintiff from filing, a Petition for Judicial Review. While the magistrate judge acknowledged that Plaintiff would have had to file the misconduct decision with the state court at some point, the lack of a copy of the decision did not preclude him from filing a petition and explaining to the court why it was unavailable. Finally the magistrate judge recommended that if the Court adopts the recommendation to grant Defendants' motion for summary judgment, it deny certain motions as moot and deny Plaintiff's motions for summary judgment.

After conducting a *de novo* review of the report and recommendation, as well as Plaintiff's objections, the Court concludes that the report and recommendation should be adopted.

In his objections, which are set forth in two filings titled "Motion for New Trial," Petitioner states that he could not file his petition because the documents Defendants allegedly destroyed contained information that was essential to filing a Petition for Judicial Review, such as the date the misconduct ticket was written, the date of the hearing, and the date the Policy & Hearings Division denied his rehearing request. Plaintiff states that this information was not otherwise available to him because Defendant Coppler destroyed it. However, Plaintiff fails to explain why he could not have simply filed his petition using the best information he had (probably from his memory) for the details of the misconduct. As the magistrate judge observed, Plaintiff could have explained to the court why that information was unavailable. Moreover, Plaintiff fails to explain why he could not have obtained duplicate materials from the MDOC. The Court thus concurs with the magistrate that Defendants are entitled to summary judgment. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 29, 2010 (docket no. 208) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 178) is **GRANTED** and Plaintiff's Motions for Summary Judgment (docket nos. 150 and 155) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Discovery (docket nos. 115, 200, and 201); Plaintiff's Motions for Writ of Habeas Corpus (docket nos. 156, 170, and 199); Plaintiff's Motions for Directed Verdict (docket nos. 166 and 205); Plaintiff's Motion for Recusal (docket no. 182); Plaintiff's Motion to Appoint Receiver (docket no. 196); Plaintiff's Motion to Sequester

Witnesses (docket no. 198); and Plaintiff's Motion to Produce Copies for Witnesses (docket no. 202) are **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

This case is **concluded**. A separate judgment will issue.


Dated: March 11, 2010                                /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE